Kent G. SHULTZ, Plaintiff–Appellant,

v.

H. Gary WELLS, et al., Defendants–Appellees.

No. 03–1134.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2003.

Before KEITH, COLE, and COOK, Circuit Judges.

## ORDER

This pro se Michigan state prisoner appeals a district court judgment that granted defendants' motion to terminate prospective relief filed pursuant to 18 U.S.C. § 3626. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, Kent G. Shultz claimed that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by housing him with smokers. Shultz asserted that environmental tobacco smoke aggravated his asthma. In 1991, the parties entered into a private settlement agreement that provided, in pertinent part, that Shultz would receive one thousand dollars and be housed singly in a cell or in a cell with a non-smoking inmate so long as Shultz's medical needs warranted. The district court entered a judgment reflecting the parties' agreement and dismissed the matter with prejudice.

More than ten years later, Shultz filed a letter with the district court complaining that he was being housed with a smoker, in violation of the parties' 1991 private settlement agreement. The district court construed the letter as a motion to enforce the judgment, but before the motion could be considered, Shultz was moved. Accordingly, the district court denied the motion as moot. Shultz moved for reconsideration, and the district court denied the motion. Shultz moved for reconsideration a second time. The district court directed the Attorney General to respond to Shultz's second motion for reconsideration and further directed that the response address the applicability of the termination provision of 18 U.S.C. § 3626(b). The Attorney General responded to Shultz's second motion for reconsideration and filed a separate motion for termination of prospective relief pursuant to 18 U.S.C. § 3626(b). The district court granted defendants' motion for termination of prospective relief and denied Shultz's second motion for reconsideration. Shultz appeals.

On appeal, Shultz argues that the district court improperly terminated prospective relief pursuant to 18 U.S.C. § 3626. The parties have filed briefs.

Whether the district court correctly applied the governing legal standard is reviewed de novo. *Hadix v. Johnson,* 228 F.3d 662, 670 (6th Cir.2000).

Upon review, we conclude that the parties' 1991 private settlement agreement is not subject to the termination provision of 18 U.S.C. § 3626. The district court determined that the termination provision of § 3626 was applicable to Shultz's case because that provision applies to any civil action with respect to prison conditions in which prospective relief is ordered. The district court reasoned that, inasmuch as

Shultz's case involved prison conditions in which prospective relief was ordered, the termination provision of § 3626 applied.

The Prison Litigation Reform Act (PLRA), enacted in 1996, mandates the immediate termination of any prospective relief in a prison conditions case that was approved in the absence of findings, unless the court makes written findings based on the record that prospective relief remains necessary. *Id.* Title 18 U.S.C. § 3626(g)(9) defines "relief" to include consent decrees, but specifically excludes private settlement agreements. Given the statute's definitions, it does not appear that Congress thought federal consent decrees would simultaneously be private settlement agreements. A consent decree is defined as relief "entered by the court," 18 U.S.C. § 3626(g)(1), and it is well established that a federal court ordinarily has the power to enforce its own orders and judgments. *See, e.g., Peacock v. Thomas,* 516 U.S. 349, 356–57, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996); *Shillitani v. United States,* 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). A private settlement agreement, on the other hand, is defined as relief that is "not subject to judicial enforcement." 18 U.S.C. § 3626(g)(6). Given these definitions, it appears that the statute's concepts of consent decrees and private settlement agreements are mutually exclusive. *See Benjamin v. Jacobson,* 172 F.3d 144, 156 (2d Cir.1999). Moreover, the statute specifically provides that private settlement agreements are enforceable "in State court." 18 U.S.C. § 3626(c)(2)(B). The absence of any similar statement indicating state-court enforceability of federal consent decrees strongly suggests that Congress meant the PLRA to require the termination of consent decrees, not private settlement agreements. Thus, the district court erred in applying the termination provision of § 3626 to Shultz's construed motion for enforcement of the parties' 1991 private settlement agreement.

Accordingly, the district court's judgment granting defendants's motion for the termination of prospective relief is hereby vacated and the case remanded to the district court pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.